UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                             Case Number 09-51101-BC
                                                            Honorable Thomas L. Ludington

RONALD L. RIFE,

        Defendant.
_____/

## OPINION AND ORDER DISMISSING APPEAL

On May 24, 2009, a federal law enforcement officer issued Defendant Ronald L. Rife a violation notice for operating an off road vehicle ("ORV") on a national forest service road ("FSR" or "FR") not open for ORV use in Oscoda County. The issuing officer's sworn statement in support of probable cause provides: "On 5/24/09 at approximately 1130 hours I was patrolling at the intersection of Forest Road 4265 and Forest Road 4205 (Merkel and Meridian). I observed Ronald RIFE operating a Polaris Off Road Utility Vehicle on the forest service road." The violation notice reflects that the specific place of citation was "FR 4265 + 4165 (Mekel + Meridian)."

A box was checked on the violation notice reflecting that Defendant must either appear in court or pay a $150 forfeiture amount plus a $25 processing fee, for a total collateral due of $175.00. Defendant signed the violation notice, signifying that:

> I have received a copy of this violation notice. It is not an admission of guilt. I promise to appear for the hearing at the time and place instructed or pay the total collateral due.

The notice further provides that "you will be notified of your appearance date by mail."

Rule 58 of the Federal Rules of Criminal Procedure addresses the procedures applicable to

petty offenses and other misdemeanors. Pursuant to Rule 58(d)(1), "the court may accept a fixed-sum payment in lieu of the defendant's appearance and end the case." Further,

> If the defendant fails to pay a fixed sum, request a hearing, or appear in response to a citation or violation notice, the district clerk or a magistrate judge may issue a notice for the defendant to appear before the court on a date certain. The notice may give the defendant an additional opportunity to pay a fixed sum in lieu of an appearance.

Fed. R. Crim. P. 58(d)(2). Finally, the government may request an arrest warrant upon a showing of probable cause made under oath, or the court may issue a summons for the defendant to appear. Fed. R. Crim. P. 58(d)(2). If the defendant does not appear in response to a summons, the court may issue an arrest warrant. *Id.*

Here, Defendant did not pay the forfeiture amount and thus did not "end the case" under Rule 58(d)(1). It is not clear from the record whether the magistrate judge issued Defendant a notice to appear or summons, but Defendant did send correspondence to the Court explaining that he should not be required to pay the fine because he had sought help from several county and federal officials to determine a legal route upon which to drive his ORV. On July 31, 2009, the magistrate judge issued an order dismissing the violation notice and did not require Defendant to appear in court.

The magistrate judge dismissed the violation notice because he found that Defendant was not provided "fair notice of what ORV use was prohibited" at the location at issue in this case. The magistrate judge explained that Oscoda County had recently issued an ordinance governing ORV use that generally allows an ORV to be operated "on the far right portion of all country primary and county local roads." In contrast, the county ordinance expressly prohibits operation of ORVs on federal roads "unless posted open."

While the distinction between a county road and a federal road appears simple on the surface, the magistrate judge found that "the vague and conflicting governmental regulatory pronouncements

on ORV use near the intersection of Meridian and Markle roads lack 'sufficient definiteness' to allow 'ordinary people [to] understand what conduct is prohibited.' " The magistrate judge explained:

> According to the ["Master Forest Road Agreement Between the U.S. Department of Agriculture Forest Service and Oscoda County Road Commission, Michigan,"] Meridian Road is Forest Service Road ("FSR") 4165, not 4265, and is also denominated as FSR 4230; whereas, Markle Road is County Road 4205 with no FSR number . . . . [T]he Motor Vehicle Use Map for the Huron National Forest, 2008 edition, refers to Meridian Road as 4165 (county road number) and refers to Markle Road as 4205 (county road number). Thus, although the U.S.F.S. claims jurisdiction over these roads for the purpose of regulating use, they are both named county roads and the U.S.F.S. map uses the <u>county</u> road numerical designations to identify them rather than the U.S.F.S. road numerical designations.
>
> Markle Road runs east-west, while Meridian . . . runs north-south. Although the Agreement refers to Markle Road as M-18, . . . county maps available from various sources [indicate] that M-18 is a north-south road that is called Meridian Road for much of its traverse through Oscoda County.
>
> Further, the legend on the relevant Motor Vehicle Use Map indicates that roads such as Meridian (4165) and Markle (4205) that are delineated by the double line symbol ("=") are "Roads Open for Highway Legal Vehicle Only" and are "open only to motor vehicles licensed under State law for general operation on all public roads within the State." In light of the Oscoda County ordinance, this designation adds to the confusion of whether ORV use on these roads, or on their rights-of-way, is permissible under state or local law, rather than U.S.F.S. regulations.

(citations omitted). In other words, "when a person views the maps applicable to the instant case, the legend of the U.S.F.S. map indicates that both Meridian and Markle roads are governed by state (or local) law rather than federal law. A person contemplating ORV use in Oscoda County would then rationally conclude that the 2009 Oscoda Ordinance permitting ORV use on the far right portion of all maintained county roads would apply to that location."

On August 14, 2009, the government filed a motion for reconsideration of the dismissal of the violation notice. The government represented that it had not received a copy of the correspondence that Defendant sent to the Court and requested an opportunity to file a response to

-3-

the correspondence. The government asserted, without explanation or authority, that its "rights to procedural due process were denied."

On September 16, 2009, the magistrate judge denied the government's motion for reconsideration. The magistrate judge was not convinced that the government's motion was timely, but did address it on the merits in any event. But first, the magistrate judge noted that the motion could simply be denied on the grounds that the government did not identify a "palpable defect" in the order of dismissal or explain how correcting any such defect would "result in a different disposition of the case" pursuant to Eastern District of Michigan Local Rule 7.1(g)(3). The magistrate judge emphasized that the government did not contend that the magistrate judge lacked the authority to dismiss the violation notice sua sponte or without conducting a hearing. As to the merits of the government's due process argument, the magistrate judge concluded that the government did not have a constitutionally protected liberty or property interest at stake.

On September 25, 2009, the government filed a notice of appeal of the magistrate judge's order denying its motion for reconsideration. The notice of appeal reflects that it was filed pursuant to Rule 58(g)(2)(A), which raises the question of whether the government's appeal is properly before this Court. A review of the rules and procedures governing petty offense cases is necessary to answer this question.

The government has suggested that under 28 U.S.C. § 636, a magistrate judge does not have authority to dismiss a violation notice, except through a report and recommendation. Under § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment or information made by the defendant, . . . and to involuntarily dismiss an action." This argument is grounded in the fact that a violation

notice is generally the functional equivalent of an indictment or information. *See United States v. Moore*, 586 F.2d 1029, 1031 (4th Cir. 1979). After a magistrate judge issues a report and recommendation, the parties have an opportunity to file objections with the district court pursuant to § 636(b)(1)(C).

However, § 636(a)(4) grants a magistrate judge "the power to enter a sentence for a petty offense" without requiring a report and recommendation or the consent of the parties. That is, magistrate judges are statutorily authorized to conduct and resolve petty offenses and their authority to do so does not depend on a referral from a district judge under § 636(b)(1)(A) or (B).

Notably, the procedures governing petty offense cases are considerably more flexible than those governing felonies and even misdemeanors. Under Rule 58(a)(2), a court addressing a petty offense "may follow any provision of these rules that is not inconsistent with this rule and that the court considers appropriate." *See also* Moore's Federal Practice § 658.20[2][b] ("This discretionary application of the Federal Rules of Criminal Procedure permits a more flexible approach to the administration of proceedings involving petty offenses and recognizes that the application of the full panoply of rights and procedures of the Federal Rules of Criminal Procedure is not always necessary or appropriate when dealing with very minor offenses."). For example, petty offense cases are often heard without the presence of an Assistant United States Attorney. *See, e.g.*, *United States v. Glover*, 381 F. Supp. 1139 (D. Md. 1974).

Consistent with the idea that minor offenses are not subject to all of the procedures applicable to felonies and some classes of misdemeanors, Rule 58(g) does not provide an opportunity for the government to appeal a dismissal or the equivalent of a directed verdict of acquittal as to a petty offense. The rule provides in pertinent part:

(g) Appeal.

. . .

(2) From a Magistrate Judge's Order or Judgment.

(A) Interlocutory Appeal. Either party may appeal an order of a magistrate judge to a district judge within 14 days of its entry if a district judge's order could similarly be appealed. The party appealing must file a notice with the clerk specifying the order being appealed and must serve a copy on the adverse party.

(B) Appeal from a Conviction or Sentence. A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government.

Fed. R. Crim. P. 58(g)(2).

The government emphasizes, and the Court agrees, that the government would be entitled to appeal an order of the district court dismissing an indictment or information pursuant to 18 U.S.C. § 3731. To mirror such an appeal, the government insists that the Court should disregard the "interlocutory" language of subsection (g)(2)(A) of Rule 58 to allow the government to appeal the dismissal of a petty offense by a magistrate judge to this Court. Yet, the government provides no reason for the word "interlocutory," and certainly no reason why it should be ignored. Indeed, to do so would render superfluous subsection (g)(2)(B), which explicitly provides authority for a defendant to appeal final orders of conviction or sentence. If subsection (g)(2)(A) addresses final orders in addition to interlocutory orders, subsection (g)(2)(B) is superfluous. Thus, it is significant that the rule explicitly provides an avenue for a defendant to appeal final orders without providing such an avenue for the government.

Significantly, when Rule 58 was adopted, it supplanted Rule 7(a) of the Rules of Procedure for the Trial of Misdemeanors Before United States Magistrates and related rules. Rule 7(a) expressly provided: "A decision or order by a magistrate which, if made by a judge of the district

court, could be appealed by the government or defendant under any provision of law, shall be subject to an appeal to a judge of the district court." Arguably, under Rule 7(a), an order of dismissal by a magistrate judge was therefore appealable to the district court. *See, e.g.*, *United States v. Lee*, 786 F.2d 951, 955-56 (9th Cir. 1986) (finding that the magistrate judge's order effectively dismissing misdemeanor traffic offenses was appealable to the district court under Rule 7(a)).

In addition, the 1990 advisory committee's note to Rule 58 provides:

> This new rule is largely a restatement of the Rules of Procedure for the Trial of Misdemeanors before United States Magistrates . . . . A number of technical changes have been made throughout the rule and unless otherwise noted, no substantive changes were intended in those amendments. The Committee envisions no major changes in the way in which the trial of misdemeanors and petty offenses are currently handled.

Fed. R. Crim. P. 58 advisory committee's note. This suggests that the government's interpretation of Rule 58 is plausible. In the end, however, the Court cannot simply ignore the plain language of Rule 58 as enacted by Congress. Simply because the advisory committee's notes do not record an intent to eliminate the government's avenue to appeal dismissals of petty offenses does not mean that Congress did not so intend. Consistent with the plain language of the rule, it would be perfectly rational to determine that government resources should not be directed at pursuing appeals of minor offenses that have received careful judicial attention.

Moreover, even if a right to appeal existed and the appeal was timely filed, the government's substantive basis for appealing the dismissal of the violation notice are not persuasive. The government criticizes the magistrate judge's reliance on the letter from Defendant because it contains unsworn factual assertions. The government insists that the magistrate judge simply "assumed" that Defendant was operating his ORV in a place where the designation as a Forest

Service Road would be unclear.

Importantly, the issuing officer's sworn statement in support of probable cause states:

> On 5/24/09 at approximately 1130 hours I was patrolling at the intersection of Forest Road 4265 and Forest Road 4205 (Merkel and Meridian). I observed Ronald RIFE operating a Polaris Off Road Utility Vehicle on the forest service road.

The violation notice further reflects that the specific place of citation was "FR 4265 + 4165 (Mekel + Meridian)." Thus, it is not merely Defendant's unsworn statement of facts that indicates where the offense took place – the location was identified in the law enforcement officer's statement of probable cause. The government has not advanced an argument to suggest that the conduct that formed the predicate for the violation notice took place in any location other than that identified by the violation notice, Defendant, and the magistrate judge.

Finally, as previously suggested, the government's argument that the magistrate judge did not have authority to dismiss the violation notice as he did is not persuasive. The government simply asserts that "the magistrate judge's authority to act is limited by statute and court rule, and no statute or court rule empowers the magistrate judge to dismiss a notice violation on his own motion, without notice or hearing." Despite specific direction from the Court to provide legal authority to support such a proposition, the government did not provide any, beyond reiterating the fact that matters referred to a magistrate judge pursuant to § 636(b)(1)(A) require a report and recommendation. While a separation of powers argument might be advanced based upon the government's prerogative to initiate actions and to enforce the laws of the United States, such an argument has not been developed or advanced.

Accordingly, it is **ORDERED** that the government's appeal is **DISMISSED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 13, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 13, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---